FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

99 FEB 10 PM 2: 36

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| ZEEK NNADOZIE, | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION NO. 98-PT-3039-M |
| SONNY MCKAY, et al., | ) |
| Respondents. | ) |

ENTERED

FEB 1 0 1999

## MEMORANDUM OPINION

Zeek Nnadozie, hereinafter referred to as the petitioner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on December 8, 1998. Therein, he alleges that he was being held in the Etowah County Jail, Gadsden, Alabama, pursuant to a deportation order issued by an Immigration Judge of the United States. He requested that the United States be ordered to deport him back to his homeland of Nigeria or release him. A magistrate judge of this court entered an order on December 17, 1998, requiring the United States to show cause why the requested relief should not be granted.

On January 19, 1999, the United States filed a motion to dismiss the petition as moot because the petitioner was no longer in the custody of the respondents. Specifically, the United States provided that the petitioner was deported to Nigeria on December 10, 1998, pursuant to the direction of the Immigration Judge. The motion to dismiss was supported

10

by the affidavit of Lawrence K. Orton, a supervisory deportation officer in the Immigration and Naturalization Service in Atlanta, Georgia.

On January 25, 1999, the magistrate judge entered an order affording the petitioner ten (10) days to respond to the motion to dismiss. The order was sent to the petitioner's last known address at the Etowah County Jail. On February 3, 1999, the court's order to the petitioner was returned by officials at the Etowah County Jail. The returned envelope included a notation that the petitioner was no longer housed at the Etowah County Jail.

As it affirmatively appears from the record before the court that the petitioner has been deported from the United States to Nigeria, this matter is due to be dismissed as moot. *See Jews for Jesus, Inc. v. Hillsborough County Aviation Authority*, 162 F.3d 627, 629 (11th Cir. 1998)("A case is moot when events subsequent to the commencement of a lawsuit create a situation in which the court can no longer give the plaintiff meaningful relief."). An order consistent with this finding will be entered by the court.

DONE this the 10th day of February, 1999.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

2